OPINION
On January 21, 1993, appellee, Trena M. Nichols, nka Brown, was involved in an automobile collision wherein she sustained injuries. An ambulance arriving on the scene struck appellee's vehicle while appellee was lying on the front seat. As a result, appellee sustained further injuries. At the time of the accident, appellee had uninsured motorist coverage through appellant, Milwaukee Insurance Company.
On January 19, 1995, appellee filed a complaint against the ambulance driver and others. On February 28, 1996, appellant was joined as a party defendant. Thereafter, on August 26, 1996, the trial court granted summary judgment in favor of the defendants, finding they were immune from liability. The trial court also dismissed appellee's claim against appellant.
Appellee filed a notice of appeal. This court reversed the order dismissing appellee's claim against appellant, finding appellee was entitled to uninsured motorist coverage from appellant. See, Nichols v. Mets Paramedic Service, Inc., et al.
(August 13, 1997), Tuscarawas App. No. 96AP110091, unreported.
Upon remand, appellee's claim was submitted to binding arbitration. On December 16, 1999, the arbitration panel issued a unanimous award in favor of appellee in the amount of $135,000.
On January 7, 2000, appellee filed an application for order confirming arbitration award and motion for order pursuant to R.C.1343.03(A) (prejudgment interest). On January 24, 2000, appellant filed an assertion of defense of improper venue and motion to transfer. By judgment entry filed January 27, 2000, the trial court denied appellant's motions and awarded appellee prejudgment interest from the date of the accident.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE LOWER COURT ERRED, OR ABUSED ITS DISCRETION, IN DETERMINING THAT APPELLEE IS ENTITLED TO PREJUDGMENT INTEREST FROM THE DATE OF THE ACCIDENT WHEN, IF PREJUDGMENT INTEREST IS DUE, THERE EXISTS A SERIES OF POST-ACCIDENT EVENTS FROM ANY ONE OF WHICH THE PRE-JUDGMENT INTEREST AWARD WOULD BE MORE EQUITABLY CALCULATED.
II
 THE LOWER COURT ERRED IN OVERRULING APPELLANT'S MOTION TO TRANSFER THE ACTION TO THE FORMER TRIAL COURT, OR IN THE ALTERNATIVE, IN FAILING TO HOLD AN EVIDENTIARY HEARING TO ASCERTAIN THE APPROPRIATE DATE FOR COMMENCEMENT OF PREJUDGMENT INTEREST.
I
Appellant claims the trial court erred in setting the accrual of prejudgment interest from the date of the accident. We agree in part.
R.C. 1343.03(A) governs prejudgment interest and states as follows:
 In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten percent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.
It is uncontested that it is the trial court who should determine the accrual date for prejudgment interest. In Landis v.Grange Mut. Ins. Co. (1999), 82 Ohio St.3d 339, the Supreme Court of Ohio examined a case very similar and concluded in the dicta of the opinion that in a declaratory judgment, wherein the trial court determines uninsured/underinsured benefits are available, the benefits should have been paid when the party applied for said benefits, noting "parties will remain free to litigate reasonable issues. However, when they litigate, they will be subject to a prejudgment interest award, not as a punishment but as a way to prevent them from using money then due and payable to another for their own financial gain." Landis at 341. The Landis court further held that to wait until a final arbitration award would not be equitable.
Because the issue is one for determination by the trial court, our standard of review is abuse of discretion. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
In its judgment entry filed January 27, 2000, the trial courtsub judice found interest to run from the date of the accident, without explanation. It is uncontested appellant was first put on notice of the uninsured motorists claim on February 15, 1996 and was thereafter joined as a party defendant in the underlying tort claim on February 28, 1996. The issue of whether appellee was in fact injured by an uninsured motorist was contested and ultimately resolved by an appeal to this court. Nichols, supra. We note the statute on sovereign immunity and an uninsured motorist was silent as to whether a sovereign immunity defense created an uninsured driver. This court at 5 specifically held "(t)he definition of uninsured vehicle is met by operation of the sovereign immunity statute."
When the trial court chose the date of the accident, he had no basis in fact to determine said date was the date of the first notice or demand for payment. In fact, the undisputed dates in both parties' briefs at the trial level admit first notice was not the date of the accident.
We hereby remand this case to the trial court to decide when the first notice or demand was made upon appellant, and calculate the interest accordingly.
Assignment of Error I is granted.
 II
Appellant claims the trial court erred in retaining venue or in the alternative, in failing to hold a hearing to ascertain the accrual date for prejudgment interest. We have remanded the issue of the accrual date for hearing in Assignment of Error I therefore, that part of this assignment is moot.
Appellant argues the original trial court in Tuscarawas County is the most proper court to determine this issue. After this court's remand to the Court of Common Pleas for Tuscarawas County, the case was dismissed and was resolved by arbitration. Pursuant to R.C. 2711.09, a party "may apply to the Court of Common Pleas for an order confirming the award." Jurisdiction is determined by R.C. 2711.16 as follows:
 Jurisdiction of judicial proceedings provided for by sections 2711.01 to 2711.14, inclusive, of the Revised Code, is generally in the courts of common pleas, and actions and proceedings brought under such sections shall be brought either in the court of common pleas of the county designated by the parties to the arbitration agreement as provided in section 2711.08 of the Revised Code, which designation is an irrevocable consent to the parties thereto to such jurisdiction, or, whether or not such designation has been made, in the court of common pleas of any county in which a party in interest resides or may be summoned, or if any party in interest is a corporation, in any county in which such corporation is situated, or has or had its principal office or place of business, or in which such corporation has an office or agent, or in any county in which a summons may be served upon the president, chairman or president of the board of directors or trustees, or other chief officer.
From a review of the arbitration award attached as an exhibit to the complaint, we find the accident occurred in Carroll County. The original action was filed in Tuscarawas County. In its assertion of defense of improper venue, motion to transfer filed January 24, 2000, appellant states the following:
 This detailed enumeration of the county or counties where venue is proper must apply to the within action. The collision occurred in Carroll County; the alleged tortfeasor (ambulance driver) resided in Tuscarawas County. Neither Plaintiff nor any Defendant involved resides in Stark County. Civ.R. 3(B)(3) may require further examination in that it provides for venue in a county where Defendant conducted activity that gave rise to the claim for relief, however such provision does not
refer to the county where the arbitration hearing was held! Rather, it refers to the county where the policy of insurance was issued that provides the uninsured motorist coverage to which Plaintiff seeks entitlement. Said policy was issued to Lincoln Things, Inc., a company residing in Carroll County, Ohio (see policy certification, attached).
By reading R.C. 2711.16, I find the trial court should have conducted a hearing to determine if Stark County met any of the venue requirements of the statute.
I would remand this case to the trial court to hold a hearing on venue.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded as to Assignment of Error I.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and this case is remanded to said court to ascertain the accrual date for prejudgment interest.
 _________________________ Farmer, J.
Edwards, J. concurs in part; Hoffman, J. dissents.